| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| NORTHERN DISTRICT OF CALIFORNIA |
| Case number *(if known)* 16-_____ Chapter 15 |

☐ Check if this an amended filing

Official Form 401
# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. | Debtor's name | APVO Corporation |
| 2. | Debtor's unique identifier | **For non-individual debtors:**<br>☑ Federal Employer Identification Number  27-2584862<br>☐ Other ____. Describe identifier ____.<br>**For individual debtors**<br>☐ Social Security Number: ____<br>☐ Individual Taxpayer Identification Number (ITIN): ____<br>☐ Other ____. Describe identifier ____. |
| 3. | Name of foreign representative(s) | Christophe Thévenot, as a representative of Thévenot Perdereau Manière El Baze, and Renier Lemmens |
| 4. | Foreign proceeding in which appointment of the foreign representative(s) occurred | A French *redressement judiciare* (judicial reorganization) before the *Tribunal de Commerce de Paris*, Case No. 2016069079 |
| 5. | Nature of the foreign proceeding | *Check one:*<br>☑ Foreign main proceeding<br>☐ Foreign nonmain proceeding<br>☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding |
| 6. | Evidence of the foreign proceeding | ☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.<br>☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.<br>☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.<br>_____ |
| 7. | Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)? | ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending).<br>☑ Yes |

| 8. | Others entitled to notice | Attach a list containing the names and addresses of: |
|---|---|---|

(i) all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

France

**Debtor's registered office:**

530 Bush Street, Suite 403, San Francisco, CA 94108
P.O. Box, Number, Street, City, State/Province/Region & ZIP/Postal Code

United States
Country

**Individual debtor's habitual residence:**

P.O. Box, Number, Street, City, State/Province/Region & ZIP/Postal Code

Country

**Address of foreign representative(s):**

Renier Lemmens
30 rue de la Victoive
75009 Paris
France

Thévenot Perdereau Manière El Baze
Attn: Christophe Thévenot
42 rue de Lisbonne
75008 Paris
France
P.O. Box, Number, Street, City, State/Province/Region & ZIP/Postal Code

Country

---

**10. Debtor's website** (URL)   www.viadeo.com

---

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

  ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

  ☐ Partnership

  ☐ Other. Specify: _____

☐ Individual

| 12. Why is the venue proper in *this district*? | Check one: |
|---|---|
| | ☑ Debtor's principal place of business or principal assets in the United States are in this district. |
| | ☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district. |
| | ☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because: |

| 13. Signature of foreign representative(s) | I request relief in accordance with the chapter 15 of title 11, United States Code. |
|---|---|
| | I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition. |
| | I have examined the information in this petition and have a reasonable belief that the information is trued and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

X _____
Signature of foreign representative

Christophe Thévenot, solely in his capacity as a representative of Thévenot Perdereau Manière El Baze, the *administrateur judiciare* of APVO
Printed name

Executed on 12/06/2016
MM / DD / YYYY

X _____
Signature of foreign representative

Renier Lemmens
Printed name

Executed on 12/06/2105
MM / DD / YYYY

**14. Signature of attorney**

X Debra Grassgreen /IHP
Signature of Attorney for foreign representative

Date 12/06/2016
MM / DD / YYYY

Debra I. Grassgreen
Printed name

Pachulski Stang Ziehl & Jones LLP
Firm name

150 California Street, 15th Floor, San Francisco, CA 94111
Number, Street, City, State & ZIP Code

415-263-7000
Contact phone

dgrassgreen@pszjlaw.com
Email address

169978 - California
Bar number and State

Case: 16-31309   Doc# 1   Filed: 12/06/16   Entered: 12/06/16 14:10:12   Page 3 of 15

## VERIFICATION OF CHAPTER 15 PETITION

I, Christopher Thévenot, am the representative of Thévenot Perdereau Manière El Baze ("TPM"), the *administrateur judiciaire* (the court-ordered trustee) of APVO Corporation, appointed by the *Tribunal de Commerce de Paris*, France (the "French Court"). I am one of the petitioners in this action and have authority to file this chapter 15 petition. All facts alleged in the above chapter 15 petition are true of my own personal knowledge, except those matters stated therein on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 6, 2016, at Paris, France.

_____
Christophe Thévenot

Solely in his capacity as a representative of TPM,
the *administrateur judiciaire* of APVO

## VERIFICATION OF CHAPTER 15 PETITION

I, Renier Lemmens, am the President and Chief Executive Officer of APVO Corporation. I am one of the petitioners in this action and have authority to file this chapter 15 petition. All facts alleged in the above chapter 15 petition are true of my own personal knowledge, except those matters stated therein on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 6, 2016, at Paris, France.

_____
Renier Lemmens

**Chapter 15 Petition of APVO Corporation**

**Item 6 - Original.  Certified Copy of Decision Commencing
<u>Foreign Proceeding and Appointing Foreign Representatives</u>**



LRAR
- SC APVO CORPORATION
Copies :
-TPG
-SCP Thévenot-Perdereau-
Manière-El Baze en la personne de
Me Christophe Thévenot
-SELAFA MJA en la personne de
Me Valérie Leloup-Thomas
-Parquet

R.G. : 2016069079
P.C. : P201603342

# TRIBUNAL DE COMMERCE DE PARIS

## PREVENTION ET SAUVEGARDE 2EME CHAMBRE

### JUGEMENT PRONONCE LE 29/11/2016

### PAR SA MISE A DISPOSITION AU GREFFE

### REDRESSEMENT JUDICIAIRE
### SUR DECLARATION DE CESSATION DES PAIEMENTS

**les parties comparaissent spontanément**

SC APVO CORPORATION, dont le siège social est 530 Bush Street, Suite 403 San Francisco, CA 94108 (Etats-Unis) et le principal établissement en France est 30 avenue de la Victoire 75009 Paris (RCS Paris 819 633 785) représentée par son responsable à l'étranger M. Renier Lemmens demeurant 8 avenue Frochot 75009 Paris, présent, assistés de Me Hadrien de Lauriston du cabinet Gide, avocat (T03), présent.

## FAITS ET PROCEDURE

L'entreprise débitrice a déposé le 24 novembre 2016 au greffe de ce tribunal une déclaration de cessation des paiements, aux fins d'une ouverture de redressement judiciaire.
La SC APVO CORPORATION est inscrite au registre du commerce et des sociétés de Paris sous le numéro 819633785 et exerce une activité de gestion d'installations informatiques sous la forme de société de droit étranger. Le siège social est situé au 530 Bush Street, Suite 403 San Francisco, CA 94108 (Etats-Unis). Elle est donc commerciale par sa forme et son objet.
Le représentant légal de la société, le représentant des salariés, les représentants du comité d'entreprise ou à défaut les délégués du personnel ont été invités à se présenter en chambre du conseil le 29/11/2016.
Mme Félici, vice-procureur de la République, a été entendue en ses observations et a requis l'ouverture d'une procédure de redressement judiciaire.

## MOYENS

Il résulte des pièces produites et des informations recueillies en chambre du conseil que :
- SC APVO CORPORATION emploie 1 salarié.
- son chiffre d'affaires annuel s'élève à 12 171 059,00 euros.
- le passif s'élève à 917 820 835 euros dont 70 797,00 euros exigibles.
- l'actif s'élève à 9 889 448,00 euros dont 41 404,00 euros disponibles.
- le débiteur se présente et sollicite le redressement judiciaire.
L'entreprise est manifestement dans l'impossibilité de faire face à son passif exigible avec son actif disponible, se trouve en conséquence en état de cessation des paiements, notamment d'une perte de clientèle, d'une perte de compétitivité et d'un passif trop important.
Un redressement peut être envisagé pour les motifs suivants :
- attendu qu'un plan de continuation n'est pas envisageable mais qu'un plan de cession le serait dans le cadre du "pré-pack cession" négocié notamment compte tenu des offres reçues dans le cadre de la conciliation,
Il conviendra dans ces conditions d'ouvrir une procédure de redressement judiciaire et de

dire y avoir lieu à nomination d'un commissaire priseur judiciaire.

**PAR CES MOTIFS**

Le tribunal, après en avoir délibéré et après communication de la procédure au ministère public,
Statuant par jugement contradictoire en premier ressort,
Ouvre une procédure de redressement judiciaire à l'égard de la :
SC APVO CORPORATION
Principal établissement en France : 30 rue de la Victoire 75009 Paris
Activité : Gestion d'abonnement à un réseau social professionnel et plus généralement, la fourniture de services électroniques.
N° du Registre du Commerce et des Sociétés de Paris : 819633785 - 2016B08291

Fixe la date de l'audience d'examen des offres au 19 décembre 2016 à 10h15.

Nomme M. Louis Martin, juge commissaire.
Désigne la SCP Thévenot-Perdereau-Manière-El Baze en la personne de Me Christophe Thévenot, 42 rue de Lisbonne 75008 Paris, administrateur judiciaire, lequel aura pour mission, outre les pouvoirs qui lui sont conférés par la loi, d'assister le débiteur pour tous les actes relatifs à la gestion.
Désigne la SELAFA MJA en la personne de Me Valérie Leloup-Thomas, 102 rue du Faubourg Saint-Denis 75479 Paris Cedex 10, mandataire judiciaire.
Désigne la SCP Allemand-Nguyen, 15 rue de la Grange Batelière 75009 Paris, commissaire-priseur judiciaire, aux fins de réaliser l'inventaire et la prisée prévus à l'article L.622-6 du code de commerce.
Fixe le délai du dépôt de l'inventaire à trois semaines à compter du présent jugement.
Fixe la date de cessation des paiements au 24/08/2016 qui correspond à la date de la requête de la demande de conciliation
Fixe à 6 mois la période d'observation.
Invite le comité d'entreprise ou à défaut les délégués du personnel ou les salariés s'il en existe à désigner au sein de l'entreprise un représentant dans les conditions prévues par les articles L.621-4 et L.621-6 du code de commerce à communiquer le nom et l'adresse de ce représentant au greffe.
Fixe le délai de déclaration des créances imparti aux créanciers à deux mois à compter de la publication au Bulletin officiel des annonces civiles et commerciales du présent jugement.
Fixe le délai de dépôt de la liste des créances par le mandataire à 12 mois à compter de la publication au Bulletin officiel des annonces civiles et commerciales du présent jugement.
Dit que le présent jugement est exécutoire de plein droit.
Dit que les dépens du présent jugement liquidés à la somme de 98,60 euros TTC dont 16,22 euros de TVA, ainsi que les frais de publicité et de notification à venir seront portés en frais de redressement judiciaire.

Retenu à l'audience de la Chambre du Conseil du 28/11/2016 où siégeaient :
MM. Jean-Pierre Bégon-Lours, Louis Martin et Denis Kibler
Délibéré par les mêmes juges.
Dit que le présent jugement est prononcé par sa mise à disposition au greffe de ce tribunal, les parties en ayant été avisées lors des débats dans les conditions prévues au 2ème alinéa de l'article 450 du code de procédure civile.
La minute du jugement est signée par M. Jean-Pierre Bégon-Lours, président du délibéré, et par M. Laurent Cuny, greffier.

Le greffier                                                          Le président

# Chapter 15 Petition of APVO Corporation

## Item 6 - Translated.  Certified Copy of Decision Commencing Foreign Proceeding and Appointing Foreign Representatives

[Barcode]
*1DE/05/38/44/70*

REGISTERED LETTER WITH
ACKNOWLEDGEMENT OF RECEIPT
- SC APVO Corporation
Copies::
- TPG
- SCP Thévenot-Perdereau- Manière-El Baze,
represented by Christophe Thévenot
-SELAFA MJA represented by
Valérie Leloup-Thomas
- Public Prosecutor's Office

# PARIS COMMERCIAL COURT

## PREVENTION AND SAFEGUARD - 2ND DIVISION

Case No.: 2016069079
Judgement No: P201603342

### JUDGEMENT ISSUED ON 29.11.2016

THROUGH BEING MADE AVAILABLE
AVAILABLE TO THE OFFICE OF THE
CLERK OF THE COURT

### COURT-ORDERED REORGANISATION
### AS THE RESULT OF INSOLVENCY

**The following parties are appearing voluntarily**

SC APVO CORPORATION, which has its registered office at 530 Bush Street, Suite 403, San Francisco, CA 94108 (United States), and whose main establishment in France is at 30 avenue de la Victoire 75009 Paris (Paris Trade and Companies Register No. 819 633 785), represented by its Foreign Manager, Renier Lemmens, of 8 avenue Frochot 75009 Paris, who is present, assisted by Hadrien de Lauriston from the Gide, Legal Firm, Lawyer (T03), who is present.

## FACTS AND PROCEEDINGS

The debtor company filed a declaration of insolvency with the Office of the Clerk of this Court on 24 November 2016, for the purpose of initiating court-ordered reorganisation proceedings. SC APVO CORPORATION is registered on the Paris Trade and Companies Register under No. 819 633 785, and conducts business activities involving the management of IT facilities in the form of a company governed by foreign law. It has its registered office at 530 Bush Street, Suite 403, San Francisco, CA 94108 (United States). Accordingly, its form and corporate purpose are those of a commercial company.
The company's legal representative, the employee representative, the Works Council representatives, or otherwise the elected staff representatives were invited to appear before the Council Chamber on 29.11.2016.
The comments made by Mrs Félici, Deputy Public Prosecutor, were heard, and she requested the opening of court-ordered reorganisation proceedings.

## ARGUMENTS

The exhibits produced and the information gathered at the Council Chamber show that:
- SC APVO CORPORATION has one employee;
- its annual revenues amount to €12,171,059.00;
- its liabilities amount to €917,820,835, of which €70,797.00 are due;
- its assets amount to €9,889,448.00, of which €41,404.00 are available;
- the debtor has come forward and is requesting a court-ordered reorganisation.
The company is manifestly unable to meet its due liabilities from its available assets, and therefore finds itself insolvent, primarily as a result of losing customers, a loss of competitiveness, and excessive liabilities.
A reorganisation may be envisaged on the following grounds:

*[Stamp: Karen RENEL-KING, Expert - Traducteur ASSERMENTÉ près les tribunaux, karen.king@wanadoo.fr]*

*[Initials]*

- whereas a business continuity plan is not possible, but a disposal plan would be possible as part of the "pre-pack disposal" negotiated specifically in view of the bids received as part of the mediation process.

It shall be appropriate to initiate court-ordered reorganisation proceedings under the circumstances, and to find that the there are grounds for appointing of a court-ordered auctioneer is required.

## ON THESE GROUNDS

The Court, after discussing the matter and disclosing the proceedings to the State Prosecutor;
Ruling after hearing both parties upon appeal;
Is initiating court-ordered reorganisation proceedings relating to:
SC APVO CORPORATION;
Main establishment in France: 30 rue de la Victoire 75009 Paris;
Business activities: Managing subscriptions to a professional social network, and more generally providing electronic services;
Paris Trade and Companies Register No.: 819633785 - 2016B08291.

Sets the date and time for the hearing to review the bids at 10:15 a.m. on 19 December 2016;
Appoints Louis Martin as the official receiver;
Appoints SCP Thévenot-Perdereau-Manière-El Baze represented by Christophe Thévenot, of 42 rue de Lisbonne 75008 Paris, as the court-ordered receiver, whose assignment shall include assisting the debtor where any measures relating to management are concerned, in addition to the powers granted to him by law;
Appoints SELAFA MJA, represented by Valérie Leloup-Thomas, of 102 rue du Faubourg Saint-Denis 75479 Paris Cedex 10, as the court-ordered representative;
Appoints SCP Allemand-Nguyen, of 15 rue de la Grange Batelière 75009 Paris, as the court-ordered auctioneer, for the purposes of drawing up the inventory and the appraisal provided for in Article L. 622-6 of the French Commercial Code;
Sets the deadline for submitting the inventory at three weeks as from the date of this judgement;
Sets the date of the insolvency at 24.08.2016, which corresponds to the date when the application for mediation was lodged;
Sets the observation period at six months;
Invites the Works Council, or otherwise the elected staff representatives, or the employees, if any, to appoint a representative at the company, under the conditions provided for in Articles L. 621-4 and L. 621-6 of the French Commercial Code, and to forward the name and address of this representative to the Office of the Clerk of the Court;
Sets the deadline for reporting receivables granted to the creditors at two months as from the publication of the civil and commercial announcements of this judgement in the *Bulletin Officiel* (Legal Gazette);
Sets the deadline for the filing of a list of the receivables by the representative at 12 months as from the publication of the civil and commercial announcements of this judgement in the *Bulletin Officiel* (Legal Gazette);
States that this judgement shall be automatically enforceable;
States that the costs of this judgement, for which an amount of €98.60, including tax, of which VAT of €16.22, has been paid, together with the future publication and announcement expenses, shall be entered as court-ordered reorganisation expenses.

[Stamp: Karen RENEL-KING, Expert - Traducteur ASSERMENTÉ près les tribunaux, karen.king@wanadoo.fr, 180 rue Charles Dubois - 80000 AMIENS FRANCE, TÉL. 03 22 89 04 72 - FAX 03 22 89]

Upheld at the Council Chamber hearing of 28.11.2016, where the following were sitting:
Messrs Jean-Pierre Bégon-Lours, Louis Martin and Denis Kibler;
As decided by said judges;
States that this judgement has been issued by making it available to the Office of the Clerk of this Court, and that the parties were informed of it during the discussions, under the conditions provided for in Sub-Paragraph 2 of Article 450 of the French Civil Procedure Code.
The deed of judgement was signed by Jean-Pierre Bégon-Lours, who chaired the discussions, and by Laurent Cuny, Clerk to the Court.
The record of the judgement was signed by Jean-Pierre Bégon-Lours, who chaired the discussions, and by Laurent Cuny, Clerk to the Court.

The Clerk to the Court  
[Signature]

The Presiding Judge  
[Signature]

Je, soussignée, Karen RENEL, Traductrice Expert près la Cour d'Appel d'Amiens certifie que la traduction qui précède est conforme à l'original libellé en langue française visé ne varietur sous le n° 9605 Fait à PARIS le 30/11/2016 (Décret n° 53914 Art. 8 du 26.9.1953).



Karen RENEL-KING  
Expert Traducteur  
ASSERMENTÉ  
près les tribunaux  
karen.king@wanadoo.fr

**Chapter 15 Petition of APVO Corporation**

**Item 8.  Statement Pursuant to 11 U.S.C. § 1515(c) and Bankruptcy Rule 1007(a)(4)**

Debra I. Grassgreen (CA Bar No. 169978)
Jason H. Rosell (CA Bar No. 269126)
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
jrosell@pszjlaw.com

Counsel to the Foreign Representatives

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re:

APVO Corporation,

Debtor in a Foreign Proceeding.

Case No. 16-_____ (__)

Chapter 15

**STATEMENT PURSUANT TO 11 U.S.C. § 1515(c) AND BANKRUPTCY RULE 1007(a)(4)**

Thévenot Perdereau Manière El Baze ("Thévenot") and Renier Lemmens, in their capacity as the duly appointed foreign representatives (the "Foreign Representatives") of the above-captioned debtor (the "Debtor"), a company in a *redressement judiciaire* (a judicial reorganization proceeding) under French law (the "Foreign Proceeding") currently pending before the *Tribunal de Commerce de Paris*, France, hereby file this statement in accordance with section 1515(c) of Title 11 of the United States Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and state as follows:

## I. Corporate Ownership Statement

Viadeo SA, the Debtor's French parent, owns 100% of the equity interests of the Debtor.

## II. Administrators in Foreign Proceeding

The Foreign Representatives are the appointed representatives for the Debtor in the Foreign Proceeding for the purposes of this chapter 15 case. The names and addresses of the Foreign Representatives are (1) Thévenot Perdereau Manière El Baze, Attention: Christopher Thévenot, 42 rue de Lisbonne, 75008 Paris, France; and (2) Renier Lemmens, 30 rue de la Victoire, 75009 Paris, France.

### III. Identification of Foreign Proceedings

Other than the Foreign Proceeding, there are no foreign main proceedings or foreign nonmain proceedings pending with respect to the Debtor.

### IV. Parties to Litigation Pending in the United States

Upon information and belief, there is no pending litigation in the United States in which the Debtor is a party.

### V. Entities Against Whom Provisional Relief Is Sought

The Foreign Representatives do not seek provisional relief under section 1519 of the Bankruptcy Code. Accordingly, there are no entities against whom provisional relief is being sought.

Dated: December 6, 2016            PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Jason H. Rosell*
Debra I. Grassgreen
Jason H. Rosell

Counsel to the Foreign Representatives